**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robin L. Moore,**
**Claimant Below, Petitioner**

**vs.)     No. 21-0948**     (BOR Appeal No. 2056602)
(Claim No. 2015028203)

**Wal-Mart Associates, Inc.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Robin L. Moore appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wal-Mart Associates, Inc., filed a timely response.[1] The issue on appeal is compensability. The claims administrator rejected the claim for carpal tunnel syndrome on November 14, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 8, 2021, Order. The Order was affirmed by the Board of Review on October 22, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Moore, a cake decorator, alleges that she developed carpal tunnel syndrome in the course of and resulting from her employment. A November 9, 2014, treatment note from Primary Care Plus/Urgent Care indicates Ms. Moore sought treatment for tingling in her wrists and thumb, as well as pain and dropping things. She was diagnosed with possible carpal tunnel syndrome and referred for nerve conduction testing. Ms. Moore completed an employees' and physicians' report of injury on April 21, 2015, alleging that she developed carpal tunnel syndrome as a result of her duties as a cake decorator. On July 7, 2015, Ms. Moore underwent an EMG/NCV which was interpreted by Robert Vaught, M.D., as being a normal study with no evidence of carpal tunnel syndrome.

Ms. Moore sought treatment from May 29, 2018, through July 10, 2018, from Stephen Whitfield, M.D., for right thumb and shoulder pain. Dr. Whitfield diagnosed right shoulder joint impingement, rotator cuff tendinitis, mild to moderate acromioclavicular joint arthritis, mild to moderate carpometacarpal ("CMC") right thumb arthritis, mild right carpal tunnel syndrome, right thumb osteoarthritis, and left index finger joint arthritis. Ms. Moore underwent an EMG on June

---

[1]Petitioner, Robin L. Moore, is represented by Reginald D. Henry, and respondent, Wal-Mart Associates, Inc., is represented by Karin L. Weingart.

20, 2019, which was interpreted by Michael Kominsky, D.C. Dr. Kominsky stated that Ms. Moore's EMG was within normal limits, but Ms. Moore's symptoms were consistent with carpal tunnel syndrome. He found no evidence of radiculopathy. Dr. Kominsky completed a physician questionnaire for carpal tunnel syndrome on June 20, 2019. He stated that Ms. Moore had no comorbidities for carpal tunnel syndrome, including radiculopathy, arthritis, and obesity. Dr. Kominsky opined that Ms. Moore developed carpal tunnel syndrome as a result of her work duties requiring her to constantly squeeze bags of icing up to 1,000 times a day.

The employees' and physicians' report of injury indicates Ms. Moore stopped working on July 22, 2018, due to carpal tunnel syndrome. The physician's section was completed by Dr. Kominsky who diagnosed bilateral carpal tunnel syndrome due to repetitive, continuous squeezing of bags of icing. On October 7, 2019, Ms. Moore underwent right carpal tunnel release surgery performed by Gordon Holen, M.D. Dr. Holen performed left carpal tunnel release surgery on November 20, 2019.

The claims administrator denied the claim on November 14, 2019, stating that Ms. Moore had a previous claim in 2015, while employed by Wal-Mart. At that time, the claim was rejected because of negative electrodiagnostic testing. Further, Ms. Moore last worked for Wal-Mart on July 22, 2018, and the testing submitted with the application for benefits at issue was not performed until June 20, 2019.

Ms. Moore testified in an April 1, 2020, deposition that she worked as a cake decorator from March 27, 2007, until July 22, 2018. She stated that she worked five days a week and spent roughly six hours a day icing cakes. Ms. Moore testified that icing cakes required forceful, repetitive squeezing of bags of icing. Ms. Moore stated that she began noticing numbness and tingling in her fingers in 2013 and filed a claim for carpal tunnel syndrome in 2015. Her symptoms worsened as she continued to work. Ms. Moore testified that she was diagnosed with hypothyroidism in November of 2019.

David Soulsby, M.D., performed an independent medical evaluation on September 15, 2020, in which he diagnosed cervical degenerative disc disease, bilateral thumb CMC arthritis, obesity, hypothyroidism, right shoulder impingement syndrome, possible right elbow lateral epicondylitis, and possible right elbow biceps tendonitis. Dr. Soulsby opined that the only diagnosis that could possibly be related to her employment was carpal tunnel syndrome. However, Ms. Moore did not test positive for the condition until her June 2019, EMG, which was almost a year after she ceased working. Dr. Soulsby opined that this was strong evidence that the carpal tunnel syndrome was not related to Ms. Moore's work duties. Dr. Soulsby found that Ms. Moore was treated in 2018 for CMC and that the condition can contribute to the development of carpal tunnel syndrome. Further, Ms. Moore had hypothyroidism and obesity, both of which are known to cause or contribute to carpal tunnel syndrome. Dr. Soulsby opined that Ms. Moore was at high risk for carpal tunnel syndrome due to her personal risk factors and that it was probable that the condition was the result of those risk factors rather than her work duties.

The Office of Judges affirmed the claims administrator's rejection of the claim in its April 8, 2021, order. It found that Ms. Moore filed a previous claim for carpal tunnel syndrome in 2015

that was rejected after an EMG found no evidence of carpal tunnel syndrome. It appears Ms. Moore did not seek treatment again until 2018, when she saw Dr. Whitfield. The Office of Judges found that she stopped working on July 22, 2018. Nearly a year later, Dr. Kominsky performed an EMG which showed evidence of bilateral carpal tunnel syndrome. The Office of Judges concluded that Dr. Soulsby's opinion was the most reliable of record. He reviewed the records, examined Ms. Moore, and concluded that she did not develop carpal tunnel syndrome in the course of and resulting from her employment. He found that Ms. Moore had several conditions which can cause or contribute to carpal tunnel syndrome in the form of obesity, hypothyroidism, and CMC arthritis. Given all of her risk factors, Dr. Soulsby concluded that it was likely that Ms. Moore's carpal tunnel syndrome was not the result of her work duties. The Office of Judges agreed and noted that Ms. Moore was not diagnosed with carpal tunnel syndrome until a year after she ceased working, strong evidence that the condition was not work-related. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its order on October 22, 2021.

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision affirms prior rulings by both the Workers' Compensation Commission and the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is based upon a material misstatement or mischaracterization of the evidentiary record. *See* W. Va. Code §§ 23-5-15(c) & (d). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *See Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). West Virginia Code of State Rules § 85-20-41.5 states that

> [t]he literature notes a high prevalence of concurrent medical conditions capable of causing CTS in persons with the syndrome, without regard to any particular occupation. Studies have failed to show a relationship between normal clerical activities and CTS. When evaluating CTS in this work setting, a careful search for other contributing factors is essential. Awkward wrist positioning, vibratory tools, significant grip force, and high force of repetitive manual movements have all been shown to contribute to CTS.

Ms. Moore has failed to show that she developed carpal tunnel syndrome in the course of and resulting from her employment. She suffers from conditions which are known to cause or contribute to carpal tunnel syndrome. Her work duties are not the kind known to cause carpal tunnel syndrome. Lastly, Ms. Moore did not test positive for carpal tunnel syndrome on EMG until nearly a year after she ceased working, which is strong evidence that the condition was not the result of her work duties. The rejection of the claim is affirmed.

Affirmed.

3

**ISSUED: September 14, 2023**


**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4